IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RONALD M. BAUGH, | CV. 08-1453-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL MUKASEY, et al. | |
| Defendants. | |

Brown, Judge:

      This matter comes before the Court on Plaintiff's motion to proceed in forma pauperis (#6) and Motion for Temporary Restraining Order to Enjoin Defendant Federal Agencies Use of Involuntary Inhalant Poisoning Against Plaintiff (#7). An examination of the application to proceed in forma pauperis reveals that Plaintiff is unable to afford the costs of this action. Accordingly, the Court GRANTS Plaintiff's motion to proceed in forma pauperis. However, for the reasons that follow, the Court DENIES Plaintiff's Motion for Temporary Restraining Order

Page 1 - OPINION AND ORDER

and dismisses this matter with prejudice.

## BACKGROUND

On March 20, 2007, Plaintiff filed an approximately 300-page Complaint in this Court, Case No. 07-CV-406-HU, in which he asserted numerous allegations against Derek Foxworth, Alberto Gonzales, Robert Gordon, Karen Immergut, Robert Jordan, Kenneth Magee, Rosanne M. Sizer, the Portland Police Bureau, the Washington County Sheriff's Department and John Doe defendants. On May 2, 2007, the Court issued an order granting Plaintiff's renewed Motion for Leave to Proceed in Forma Pauperis, but dismissing the Complaint in No. 07-CV-406-HU for failure to comply with Federal Rule of Civil Procedure 8. Specifically, at 290 pages, the Complaint failed to provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8. The Court granted Plaintiff leave to file an amended complaint in compliance with Rule 8 within 14 days of the Order. Plaintiff did not file an amended complaint. Accordingly, on June 1, 2007, the Court entered an Order and Judgment dismissing No. 07-CV-406-HU without prejudice.

On July 10, 2007, Plaintiff filed a 300-page Complaint in this court, Case. No. 07-CV-1004-HU, against the same defendants named in Case No. 07-CV-406 along with the City of Portland, the Drug Enforcement Administration, the Federal Bureau of Investigation and the United States Department of Justice. Despite his addition of new defendants, Plaintiff made the same general allegations as he made in Case No. 07-CV-406-HU. On August 17, 2007, Plaintiff filed a Motion for Temporary Restraining Order to Enjoin Defendant Federal Agencies use of Involuntary Inhalant Poisoning Against Plaintiff. On August 20, 2007, the Court entered an Order and Judgment dismissing case No. 07-CV-1004-HU with prejudice for failure to

comply with Federal Rule of Civil Procedure 8 and the Court's previous order in No. 07-CV-406-HU.

On November 7, 2008, Plaintiff filed yet another Complaint, this one over 275 pages long, in No. 08-CV-1315-BR. The Complaint asserted the same allegations that were the subject of both the 07-CV-406-HU and 07-CV-1004-HU matters. The Complaint included most of the same defendants as those listed in Case No, 07-CV-1004 and also named Michael Mukasey and Paul Schmidt as defendants. Baugh also filed a Motion for Temporary Restraining Order to Enjoin Defendant Federal Agencies Use of Involuntary Inhalant Poisoning Against Plaintiff, which contained the same allegations as those in the Motion for Temporary Restraining Order he filed in 07-CV-1004-HU. On November 12, 2008, the Court entered an Order and Judgment dismissing case No. 07-CV-1315-HU with prejudice because it asserted the same claims as those in Case No. 07-CV-1004-HU against essentially the same defendants and because the appeal remained pending in 07-CV-1004-HU. On the same day, the Ninth Circuit Court of Appeals affirmed the court's ruling in 07-CV-1004-HU. *Baugh v. U.S. Dept. of Justice*, No. 07-35810, 2008 WL 4946281 (9th Cir. Nov. 12, 2008) (unpublished).

On December 12, 2008, Plaintiff filed a 210-page Complaint in the matter currently before this court. The Complaint asserts the same general allegations that were the subject of the 07-CV-406-HU, 07-CV-1004-HU and 08-CV-1315-HU matters. The Complaint also names Defendants substantially similar to those listed in the previous three cases. The Defendants in the current action are: Robert Gordon, Karen Immergut, Robert Jordan, Michael Mukasey, Paul Schmidt, Rosanne M. Sizer, Drug Enforcement Administration, Federal Bureau of Investigation, City of Portland, Portland Police Bureau, U.S. Department of Justice, Washington County,

Oregon, Washington County Sheriff's Department, and two John Does.

## LEGAL STANDARD

A court may dismiss a case for the plaintiff's failure to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Rule 41(b) allows a court to dismiss a case sua sponte for failure to comply with a court order. *See also Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964). The district court, however, must weigh five factors to determine whether to dismiss a case for failure to comply with a court order, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (internal citations omitted).

## DISCUSSION

In accordance with the Court's previous Order of Dismissal in 07-CV-1004, the Court likewise interprets the Complaint in this new case as a disregard of the court's May 2, 2007 Order in Case No. 07-0406, which dismissed the complaint but allowed amendment provided the new complaint conformed with Rule 8. Rather than filing a properly amended complaint in that case, or filing a new action with a complaint that complied with Rule 8, Plaintiff has instead filed three additional prolix and mostly incomprehensible complaints. The repetitive complaints interfere with the court's ability to manage its docket. Moreover, Plaintiff's repeated violations of Rule 8 and the Court's May 2, 2007 order demonstrate that less drastic alternatives to dismissal will prove ineffective. Thus, for these reasons, and the reasons articulated in the Court's August 20, 2007 Order of Dismissal in Case No. 07-1004, dismissal under Federal Rule

of Civil Procedure 41(b) is warranted. Moreover, at this point, Plaintiff's unwillingness to comply with Rule 8 and this court's orders indicate that dismissal with prejudice is appropriate.

## CONCLUSION

The court GRANTS Plaintiff's motion to proceed in forma pauperis. (#6). The court DENIES Plaintiff's Motion for Temporary Restraining Order (#7) and DISMISSES this matter with prejudice. All other pending motions (#2, #9) are DENIED as moot.

Dated this _6th_ day of January, 2009.

      /s/ Anna J. Brown
Anna J. Brown
United States District Judge

of Civil Procedure 41(b) is warranted. Moreover, at this point, Plaintiff's unwillingness to comply with Rule 8 and this court's orders indicate that dismissal with prejudice is appropriate.

## CONCLUSION

The court GRANTS Plaintiff's motion to proceed in forma pauperis. (#6). The court DENIES Plaintiff's Motion for Temporary Restraining Order (#7) and DISMISSES this matter with prejudice. All other pending motions (#2, #9) are DENIED as moot.

Dated this _6th_ day of January, 2009.

/s/ Anna J. Brown
Anna J. Brown
United States District Judge